### WANDELL v. MURRAY.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 108.

1. CANALS ⬡18—INJURIES FROM CONSTRUCTION—ACTIONS—PRESUMPTIONS.
   Where a contractor was engaged in work on land on either side of the Erie Canal, the doing of which did not interfere with navigation, there is no presumption that an obstruction on the bottom of the canal, which caused the sinking of a passing boat was due to his fault or negligence.

   [Ed. Note.—For other cases, see Canals, Cent. Dig. §§ 20–24.]

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CANALS ☞18—INJURIES FROM CONSTRUCTION—ACTIONS—SUFFICIENCY OF
EVIDENCE.

Evidence considered, and *held* not to sustain the allegation of a libel
that the sinking of libelant's canal boat in the Erie Canal, by striking an
obstruction on the bottom, was due to the negligence of one of the two
subcontractors of respondent, who were engaged in work on the banks, in
dropping a stone into the canal, but to show that the place where the
boat struck the obstruction, and where there was testimony showing
that a stone was afterward found, was outside the radius of either of
the derricks in use on the work.

[Ed. Note.—For other cases, see Canals, Cent. Dig. §§ 20–24.]

Appeal from the District Court of the United States for the Western
District of New York.

Suit in admiralty by Nicholas Wandell, owner of the canal boat S. C.
Meil, against Patrick H. Murray, surviving partner of the firm of
Casey & Murray. Decree for libelant, and respondent appeals. Re-
versed.

Stanley & Gidley, of Buffalo, N. Y., for appellant.

Lewis, Adler & Laws, of Philadelphia, Pa., and Hoyt & Spratt, of
Buffalo, N. Y., for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. November 3, 1911, the canal boat S. G.
Meil, laden with wheat arrived at a point just east of lock 37 in the
Erie Canal. She was the last of a tandem tow of three boats bound
east from Buffalo to New York City. The boats had to go through
the lock separately, and after the first two had passed through a team
of horses took hold of the Meil. Between 8 and 9 p. m., as she was
passing a scow lying about 10 feet off the heel bank of the canal and
opposite to a hoisting derrick belonging to the Acme Engineering &
Construction Company, she struck some obstruction on the bottom,
which caused her to leak and soon afterwards to sink. The bottom of
the canal in this lock is solid rock. The District Judge located the place
of the accident in accordance with the testimony of all the witnesses,
as above stated.

[1] The libel charges the defendant with having negligently dropped
a stone which caused the damage into the canal and having left it there.
Subsequently, on the morning of November 21st, after the water had
been run out of the canal for the season, some witnesses for the libel-
ant testified that they found a stone on the bottom about 10 or 12
feet from the towpath bank at the place where they had been told the
boat struck. This stone they say disappeared shortly after it was
found. The defendant had a contract with the state of New York
to blast away rock on the south or heel side of the canal at this lock
and to build a wall of dressed stone on the north or towpath side, and
he had sublet the former work to the Acme Company and the latter
to the Lathrop, Shea & Henwood Company, each of which used a
derrick.

The District Judge got the impression that the Acme Company was
engaged in widening and deepening the canal, and that the stone in

question must have been thrown up by blasting. Therefore he applied to it the rule laid down by us in Huntley v. Empire Engineering Co., 211 Fed. 959, 128 C. C. A. 457. This made a very exact analysis of the testimony unnecessary. It was enough that no other cause for the presence of the stone had been shown and the defendant had made no explanation.

In the Huntley Case the defendant was engaged in deepening the canal itself, and was bound to see that the work it was doing did not interfere with navigation. There was no possible explanation for the presence of the obstruction, other than that work. The case was an exceptional one, and the decision not to be extended. Here the defendant had nothing to do with the canal, but was engaged in operations on land on each side of it. The libelant could not rely upon the presumption that, in the absence of explanation by the defendant, he must have caused the obstruction.

The Acme Company and the Lathrop Company were independent contractors; but, as the defendant does not raise the question of his liability for their acts, we do not discuss it. It is enough to say that, when the work going on involves a nuisance, e. g., excavating or obstructing a public street or waterway, quite a different measure of liability may apply from that appropriate to operations which only indirectly and through negligence cause injury. McCafferty v. Railroad Co., 61 N. Y. 178, 19 Am. Rep. 267.

[2] It is quite clear that the boom of the Acme Company's derrick, which only extended about 20 feet over the canal, could not have reached to a point 12 feet from the towpath side; the canal being 65 feet wide. Could, then, a stone have been dropped at the place fixed by the Lathrop Company's derrick? Its derrick, with a boom 60 feet long, was on top of the stone wall in course of construction on the towpath side. The libelant's witness Shingle, who was driving the team, says it had got to where the stone was being unloaded on the cars when the boat fetched up. As the towing line was 200 feet long, the place of the striking must have been some 200 feet west of the wall. The libelant's witness Klock says the stone which was pointed out to him on the morning of November 21st was not within reach of the Lathrop Company's derrick, whose boom was from 50 to 80 feet east of that point. A surveyor employed by the defendant some 13 months after the accident made a map of the location, placing the Acme Company's derrick, which had been removed in the meantime, at a point fixed by McDonald, who was the company's foreman at the time. This was 153 feet west of the beginning of the stone wall where the Lathrop Company's derrick was. Murray, the defendant, puts the Acme Company's derrick 270 feet west of the Lathrop Company's derrick. The libelant's witness Woods is the only witness who says that the stone he found on the morning of November 21st was within reach of the Lathrop Company's derrick.

We think the weight of the testimony is that a stone at the place of the accident as fixed by the District Judge could not have been dropped by the derrick of either of these companies, and if the stone said to have been found was within reach of the Lathrop Company's der-

rick, as Woods says, then the libelant's boat did not run upon it, because the place of the accident was much further to the west.

The libelant having failed to prove that the stone which he claims did the injury was dropped by either of the defendant's subcontractors, the libel should have been dismissed.

The decree is reversed.

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes